GRAHAM *vs.* FULLER ELECTRICAL Co. *et al.*

INJUNCTION AND RECEIVER, FROM RICHMOND.    (Before Judge Roney.)

[Jackson, C. J., not presiding, on account of providential cause.]

Hall, J.—1. Where there was direct conflict in the testimony upon almost every material issue made by a bill which prayed for an injunction and receiver, this court cannot say that the court below abused his discretion in appointing a receiver; nor does it appear in this case that his discretion was not prudently and cautiously used.

2. Where property was involved in litigation, and two or more persons were claiming to have the exclusive right to control aud operate it, and where it was in doubt whether either of them could legitimately control it to the exclusion of the others; and there were encumbrances on it, and the rights of all parties were threatened and could not be fully protected without the appointment of some person authorized to manage the property, this furnished a proper case for the appointment of a receiver. Code, §274 and cit.

3 An interlocutory order appointing a receiver is under the control of the chancellor, and if it operates hardly or disastrously to the interests or rights of any of the parties, the chancellor can modify it,. upon proper application. In advance of such an application, this court will not make a suggestion as to the proper course to be pursued.

Judgment affirmed.

Salem Dutcher, for plaintiff in error.

Frank H. Miller; W. T. Gary, for defendant.